WO    IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF:<br><br>Gabrielle Ann Sodergren,<br>       Debtor,<br><br>Daniel Rychlik,<br>       Appellant,<br><br>vs.<br><br>Gabrielle Ann Sodergren,<br>       Appellee. | Case No. 2:16-BK-12689-SHG<br>Adv. No. 2:17-AP-00267-SHG<br><br><br><br><br><br><br><br><br>Civ. No. CV-18-1948-PHX-HRH |

O R D E R

Appellant Daniel Rychlik appeals the bankruptcy court's Judgment granting appellee Gabrielle Ann Sodergren's Motion for Summary Judgment and denying Rychlik's Motion for Summary Judgment. Oral argument was not requested and is not deemed necessary.

Background

Rychlik and Sodergren were once married and have four minor children together. At the time of their divorce, Rychlik and Sodergren both lived in Arizona and were awarded

joint legal custody of the children with parenting time on a 5-2-2-5 schedule.[1] At the time of the divorce, Rychlik was ordered to pay monthly child support to Sodergren.[2]

In February 2013, Rychlik moved to Virginia.[3] Rychlik petitioned to have the children relocate to Virginia with him, but that petition was denied.[4]

In October of 2013, Sodergren notified Rychlik that she intended to relocate to Illinois with the children.[5] In response, on November 6, 2013, Rychlik filed a petition to prevent relocation.[6] On June 3, 2014, Rychlik and Sodergren reached agreement as to the relocation issue, but the agreement was conditional on the outcome of a mental health evaluation of Sodergren.[7] The agreement would be binding if a mental health evaluation showed that Sodergren did not have any mental health issues that would prevent her from providing appropriate parenting but the agreement would not be binding if Sodergren were found to have such mental health issues.[8]

---

[1] Joint Appendix of the Record at 143, Docket No. 12.

[2] Joint Appendix of the Record at 27, Docket No. 12.

[3] Joint Appendix of the Record at 143, Docket No. 12.

[4] Joint Appendix of the Record at 143, Docket No. 12.

[5] Joint Appendix of the Record at 142, Docket No. 12.

[6] Joint Appendix of the Record at 142, Docket No. 12.

[7] Joint Appendix of the Record at 152, Docket No. 12.

[8] Joint Appendix of the Record at 152, Docket No. 12.

The subsequent mental health evaluation of Sodergren indicated that her mental health issues might impact her ability to parent appropriately.[9] As a result of the evaluation, on November 6, 2014, Rychlik filed an emergency petition in which he asked for sole legal decision making authority for the children and that they be allowed to relocate to Virginia immediately.[10] The children were allowed to relocate to Virginia and lived with Rychlik from January 2015 through June 2015. Rychlik contends that Sodergren was obligated, by state statute, to pay him child support during these six months. Any obligation Sodergren had to pay child support was resolved by an offset agreement between the parties entered on July 21, 2016.[11]

On April 13, 2015, Sodergren withdrew her petition to relocate the children to Illinois.[12] On July 27, 2015, Rychlik filed a motion for summary judgment on his petition to prevent relocation, which the family court granted on September 25, 2015.[13] On October 23, 2015, Rychlik filed an application for attorney fees and costs.[14] Rychlik sought

---

[9] Joint Appendix of the Record at 152, Docket No. 12.

[10] Joint Appendix of the Record at 150, 152, Docket No. 12.

[11] Joint Appendix of the Record at 210, Docket No. 12.

[12] Joint Appendix of the Record at 51, Docket No. 12.

[13] Joint Appendix of the Record at 5, Docket No. 12.

[14] Joint Appendix of the Record at 48, Docket No. 12.

$34,831.10 in fees and costs.[15] Sodergren opposed Rychlik's application for attorney fees and costs.[16] On December 18, 2015, the family court granted Rychlik's motion for attorney fees and costs in part, awarding him $16,802 in attorney fees and $379.10 in costs, for a total of $17,181.10.[17]

On November 3, 2016, Sodergren filed a Chapter 13 petition for bankruptcy. On May 17, 2017, Sodergren initiated an adversary proceeding to resolve the issue of whether the December 18, 2015 Judgment was a non-dischargeable Domestic Support Obligation (DSO). Sodergren claimed that the December 18, 2015 Judgment was not a DSO and thus was dischargeable. On June 26, 2017, Rychlik filed his answer to Sodergren's complaint in the adversary proceeding and asserted a counterclaim. Rychlik claimed that the December 18, 2015 Judgment was a DSO and thus was not dischargeable.

The parties filed cross-motions for summary judgment, and the bankruptcy court held oral argument on May 10, 2018. At oral argument, the bankruptcy court explained that in order for the December 18, 2015 Judgment to be a DSO, the award must be "for the purposes of, or in the nature of maintenance, support, or alimony" and that there was nothing in the record to support a finding that the December 18, 2015 Judgment was for any of these

---

[15]Joint Appendix of the Record at 52, Docket No. 12.

[16]Joint Appendix of the Record at 162, Docket No. 12.

[17]Joint Appendix of the Record at 183, Docket No. 12.

purposes.[18] The bankruptcy court further explained that it did not see anything in the record to indicate that the family court "judge . . . was making this award based upon some consideration of [the parties'] economic resources, their financial ability, his need versus her ability to pay."[19] The bankruptcy court rejected Rychlik's argument that "there's a presumption" that the December 18, 2015 Judgment was a DSO simply because it arose "within a child custody context. . . ."[20]

On June 8, 2018, the bankruptcy court entered judgment granting Sodergren's motion for summary judgment and denying Rychlik's motion for summary judgment.[21] The bankruptcy court held that the December 18, 2015 Judgment was "not a 'domestic support obligation' as the term is defined in 11 U.S.C. § 101(14A); and the Rychlik Award is subject to discharge pursuant to 11 U.S.C. § 1328(a)."[22]

On June 20, 2018, Rychlik timely filed this appeal.

Standard of Review

The court reviews the bankruptcy court's decision on the motions for summary judgment de novo. In re Tenderloin Health, 849 F.3d 1231, 1234 (9th Cir. 2017). "The issue

---

[18]Joint Appendix of the Record at 209, Docket No. 12.

[19]Joint Appendix of the Record at 211-212, Docket No. 12.

[20]Joint Appendix of the Record at 212-213, Docket No. 12.

[21]Joint Appendix of the Record at 190, Docket No. 12.

[22]Joint Appendix of the Record at 190-191, Docket No. 12.

of dischargeability of a debt is a mixed question of fact and law that is reviewed de novo." Miller v. United States, 363 F.3d 999, 1004 (9th Cir. 2004). "The issue of dischargeability of debt is a question of federal law, not state law, and is governed by the provisions of the Bankruptcy Code." In re Bowen, 198 B.R. 551, 555 (9th Cir. BAP 1996)).

Discussion

"One of the 'main purpose[s]' of the federal bankruptcy system is 'to aid the unfortunate debtor by giving him a fresh start in life, free from debts, except of a certain character.'" Lamar, Archer & Cofrin, LLP v. Appling, 138 S. Ct. 1752, 1758 (2018) (quoting Stellwagen v. Clum, 245 U.S. 605, 617 (1918)). "To that end, the Bankruptcy Code contains broad provisions for the discharge of debts, subject to exceptions." Id. "'[E]xceptions to discharge should be strictly construed against an objecting creditor and in favor of the debtor.'" In re Scheer, 819 F.3d 1206, 1209 (9th Cir. 2016) (quoting Snoke v. Riso, 978 F.2d 1151, 1154 (9th Cir. 1992)). "Those objecting to discharge 'bear[] the burden of proving by a preponderance of the evidence that [the debtor's] discharge should be denied.'" In re Retz, 606 F.3d 1189, 1196 (9th Cir. 2010) (quoting Khalil v. Developers Sur. & Indem. Co., 379 B.R. 163, 172 (9th Cir. BAP 2007)).

One exception to dischargeability is "for a domestic support obligation[.]" 11 U.S.C. § 523(a)(5). A "domestic support obligation" is a debt "in the nature of alimony, maintenance, or support [of a] spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated[.]" 11 U.S.C. §

101(14A).  "When determining whether a particular debt is within the § 523(a)(5) exception to discharge, a court considers whether the debt is 'actually in the nature of . . . support.'" In re Chang, 163 F.3d 1138, 1140 (9th Cir. 1998) (quoting Shaver v. Shaver, 736 F.2d 1314, 1316 (9th Cir. 1984)).  "'[T]he court must look to the intent of the parties and the substance of the obligation.'"  In re Gibson, 103 B.R. 218, 221 (9th Cir. BAP 1989) (quoting Shaver, 736 F.2d at 1316).

Rychlik first argues that the bankruptcy court erred as to whether a DSO presumption applied to the December 18, 2015 Judgment.  Rychlik argues that a judgment for attorney fees entered pursuant to A.R.S. § 25-324 in matters involving child custody or support is presumed to be a DSO.  "The Arizona superior court has authority under A.R.S. § 25–324 to award attorney's fees and costs in custody disputes[.]"  In re Jarski, 301 B.R. 342, 346 (Bkrtcy. D. Ariz. 2003).  A.R.S. § 25-324(A) provides that "[t]he court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses. . . ."[23]  A.R.S. § 25-324(B) provides that "the court shall award reasonable costs and attorney fees to the other party" if the court determines that a party filed a petition in bad faith, filed a petition that was "not grounded in fact or based on law[,]" or filed a petition "for an improper purpose, such as to

---

[23]"Costs and expenses" for purposes of A.R.S. 25-324(A) "may include attorney fees, deposition costs and other reasonable expenses as the court finds necessary to the full and proper presentation of the action, including any appeal."  A.R.S. § 25-324(C).

harass the other party, to cause an unnecessary delay or to increase the cost of litigation to the other party."

"The Ninth Circuit has recognized that a presumption exists that fees awarded under [A.R.S. § 25-324(A)] in matters involving child custody or child support are considered in the nature of child support unless the record reflects otherwise."[24] In re Bradshaw, Adversary Case No. 06–00245, 2007 WL 2460619, at *1 (Bkrtcy. D. Ariz. Aug. 24, 2007) (citing In re Chang, 163 F.3d at 1141). In order for an award of attorney fees to be presumed to be a DSO, the award must have been entered in a matter involving child custody or support, and the award must have been entered pursuant to A.R.S. § 25-324(A). Rychlik argues that the December 18, 2015 Judgment meets both of these criteria.

There is no question that the December 18, 2015 Judgment was entered in a matter involving child custody as it was entered in connection with the parties' dispute over the relocation of their minor children to Illinois. The issue here is whether the December 18, 2015 Judgment was entered pursuant to A.R.S. § 25-324(A).

The December 18, 2015 Judgment does not state that it is being entered pursuant to A.R.S. § 25-324(A) nor does it contain any explanation of the award. There is no indication in the Judgment itself that the family court considered the parties' financial resources or that it considered the reasonableness of the parties' positions. Rather, the Judgment simply states that it is being entered pursuant to Rychlik's application for fees and costs, and the response

---

[24]There is no such presumption for attorney fee awards under A.R.S. § 25-324(B).

and reply thereto, and sets out the amount of the award.[25] Rychlik argues, however, that the briefing of both parties focused on A.R.S. § 25-324(A), and thus he argues that there can be no doubt that the December 18, 2015 Judgment was entered pursuant to A.R.S. § 25-324(A).

Rychlik's application for fees and costs did not refer specifically to A.R.S. § 25-324(A), instead simply referring to A.R.S. § 25-324.[26] Moreover, Rychlik only argued that Sodergren's positions as to relocation of the children had been unreasonable.[27] He did not mention the parties' financial resources in his application. In her response to Rychlik's application, Sodergren also referred generally to A.R.S. § 25-324, but she expressly cited to the language of subsection A as being the relevant provision of the statute.[28] Sodergren then argued that Rychlik had greater financial resources and that she had not taken any unreasonable positions as to the relocation of the children.[29] In his reply, although Rychlik addressed the financial resource issue because Sodergren had raised it in her opposition, he continued to emphasize his contention that Sodergren had taken unreasonable positions as to the relocation the children.[30] And even his arguments as to financial resources were

---

[25] Joint Appendix of the Record at 183, Docket No. 12.

[26] Joint Appendix of the Record at 52, Docket No. 12.

[27] Joint Appendix of the Record at 51, Docket No. 12.

[28] Joint Appendix of the Record at 162-163, Docket No. 12.

[29] Joint Appendix of the Record at 168-169, Docket No. 12.

[30] Joint Appendix of the Record at 181, Docket No. 12.

couched in terms of unreasonableness. He accused Sodergren of "present[ing the c]ourt with an inaccurate and intentionally distorted portrayal of her income and financial resources[,]"[31] and argued that "any remaining disparity between the parties[' financial resources] presents no bar to the [c]ourt awarding [him] attorney fees based on [Sodergren's] unreasonableness."[32] In short, Rychlik argued that an award of attorney fees was appropriate even if there were a disparity in financial resources between the parties because Sodergren had acted unreasonably.

When considered as a whole, Rychlik's briefing on his application for fees and costs suggests that it was his intent to have fees and costs awarded as a sanction for Sodergren's unreasonableness. Based on the parties' briefing on Rychlik's application for fees and costs, the court cannot conclude that it was more likely than not that the family court awarded Rychlik fees and costs pursuant to A.R.S. § 25-324(A). It is just as likely, if not more likely, that the family court awarded fees and costs pursuant to A.R.S. § 25-324(B). Rychlik may be correct that there is no requirement that the family court make specific findings as to the parties' financial resources and the reasonableness of their positions in order for the DSO presumption to apply. But, that does not change the fact that a review of the parties' briefing on Rychlik's application for attorney fees and costs indicates that it was just as likely, if not

---

[31]Joint Appendix of the Record at 175, Docket No. 12.

[32]Joint Appendix of the Record at 177-178, Docket No. 12.

more likely, that the family court entered the December 18, 2015 Judgment pursuant to A.R.S. § 25-324(B), as opposed to A.R.S. § 25-324(A).

In sum, Rychlik has failed to meet his burden of showing that the DSO presumption applies to the December 18, 2015 Judgment. Without the presumption, there is nothing in the record to suggest that the December 18, 2015 Judgment was "in the nature" of support. Thus, the bankruptcy court did not err in holding that the December 18, 2015 Judgment was not a non-dischargeable DSO. Because the bankruptcy court did not err in holding that the December 18, 2015 Judgment was not a non-dischargeable DSO, the court need not consider any of Rychlik's other arguments.

## Conclusion

The bankruptcy court's judgment granting Sodergren's Motion for Summary Judgment and denying Rychlik's Motion for Summary Judgment is affirmed.

DATED at Anchorage, Alaska, this 10th day of September, 2018.

/s/ H. Russel Holland
United States District Judge